UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORRAINE FRANCO, | : | |
| Petitioner, | : | Docket No.  3:16MC13 (JCH) |
| VS. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | March 1, 2016 |

**RESPONDENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

Pursuant to the Order of this Court dated February 11, 2016, the United States, on behalf of the Internal Revenue Service ("IRS"), hereby respectfully submits this memorandum in support of its motion to dismiss this matter pursuant to Fed.R.Civ.P. 12(b)(1) and (5). Based upon the following reasons, this matter should be dismissed and the matter removed from the docket of this Court.

**I.**     *Introduction*

On January 28, 2016, Petitioner, Lorraine Franco ("Petitioner") filed a petition to quash an IRS summons dated January 8, 2016. *See* PACER Doc. 1, at 1.  This summons requested the production of documents related to the purchase of real property located in Connecticut.  *Id.* The petition indicates that this Court has jurisdiction because the Petitioner resides in Connecticut, and further claims that the Petitioner is not the record owner of the property in question. *Id.* at 1-2.

On February 11, 2016, this Court issued an Order to Show Cause requiring the United States to respond to the Petition by March 3, 2016.  *See* PACER Doc. 5.  The United States makes this submission in response to this Order.

## II. *Legal Standards*

### A. *Standards Regarding Motions to Dismiss Under Rule 12*

When adjudicating a motion to dismiss, the Court must accept "all factual allegations in the complaint … as true," and "must draw all reasonable inferences in the plaintiff's favor." *Chabad Lubavitch of Litchfield Cty., Inc. v. Borough of Litchfield*, No. 3:09-CV-1419 (JCH), 2016 WL 370696, at *4 (D. Conn. Jan. 27, 2016) (citing *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009)). "[A] motion to dismiss does not involve consideration of whether a plaintiff will ultimately prevail on the merits, but instead solely whether the claimant is entitled to offer evidence in support of his claims." *Borough of Litchfield*, 2016 WL 370696, at *4 (quoting *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir. 2010) (citation and quotation marks omitted)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); accord *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 536, 638 (2d Cir. 2005).  Once subject matter jurisdiction is challenged, the burden rests on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942). Unlike a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), however, dismissals for lack of subject matter jurisdiction are not predicated on the merits of the claim. *Exchange Nat. Bank of Chicago v. Touch Ross & Co.,* 544 F.2d 1126, 1130-31 (2d Cir. 1976), *cert. denied*, 469 U.S. 884 (1984).

In a motion to dismiss for lack of subject matter jurisdiction, the court construes the complaint broadly and liberally in conformity with the principle set out in Fed.R.Civ.P. 8(f), "but argumentative (as opposed to reasonable) inferences favorable to the pleader will not be drawn." 5A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350, at 218-19. The mover and the pleader may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction. *Land v. Dollar*, 330 U.S. 731 (1947); *Makarova*, 201 F.3d at 113. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione*, 426 F.3d at 638 (citation omitted).

A case may be dismissed pursuant to Fed.R.Civ.P. 12(b)(5) for failure to serve process. As this Court has noted,

> When the United States is a party to an action, the plaintiff has specific obligations with respect to proper service. *See* Fed.R.Civ.P. 4(i)(1)(A)-(C)… *See also* D. Conn. L. Civ. R. 4(b) ("Each party filing a new complaint, third-party complaint or amended complaint, shall file sufficient copies of the complaint to supply one (original impression) for the Court, ... and five for the United States or an officer or agency thereof, if a party."); *id*. 5(d) ("Except for cases subject to the Electronic Filing Policies and Procedures, in cases in which the United States is a party, three copies of each pleading or other paper filed shall be served upon the United States Attorney or his or her designee in addition to the copies of the summons and complaint required by Rule 4(i), Fed.R.Civ.P.").

*Gonzalez v. United States*, No. 3:13-CV-650 CSH, 2014 WL 3738179, at *1 (D. Conn. July 29, 2014).

### B.  *Standards Regarding IRS Summonses*

Sections 7602 and 7609 of the Internal Revenue Code, United States Code, Title 26, govern the procedure applicable to issuance, compliance, enforcement and challenges to summonses issued by the IRS. Section 7602 is a broad grant of authority that applies to all summonses issued as part of an investigation of tax liability. *See PAA Management, Ltd. v.*

*United States*, 962 F2d. 212, 216 (2d Cir. 1992), *citing United States v. Euge*, 444 U.S. 707, 711 (1980).  Section 7609 provides a detailed description of the procedures which apply to the summons process.  The "proceeding to quash" procedure was enacted in 1982 as part of the Tax Equity and Fiscal Responsibility Act ("*TEFRA*"), and was intended to avoid protracted litigation, with the intention to keep enforcement proceedings summary in nature.  *See Smith v. United States,* 592 F.Supp. 753, 755 (D. Conn. 1984).

**III.**     *Argument:  The United States' Motion to Dismiss Should Be Granted*

**A.**     *Petitioner's action fails to raise a case or controversy.*

As noted above, Petitioner is seeking to quash an IRS summons which requested the production of documents related to the purchase of real property located in Connecticut.  In a Second Circuit case with a similar procedural posture, *Schulz v. I.R.S.*, 395 F.3d 463 (2d Cir. 2005), the Court held that the mere issuance of an IRS summons "creates no Article III controversy and, therefore, federal courts do not have jurisdiction over motions to quash IRS summonses in the absence of some effort by the IRS to seek court enforcement of the summons." *Schulz* at 345.  *See also Holman v. IRS*, Docket No. 3:09CV356 (SRU), 2009 WL 1507299, *1 (D. Conn., May 28, 2009).  Here, the IRS has not sought to enforce its summons on the Petitioner.  Thus, the Petitioner's action fails to raise a case or controversy and therefore should be dismissed for lack of subject matter jurisdiction.

**B.**     *The United States has not waived its sovereign immunity*

Section 7609(b)(2) allows a proceeding to quash an Internal Revenue Service summons to be brought against the United States, which constitutes a waiver of sovereign immunity.  *See Tarpley v. United States,* 198 F.3d 234 (2d Cir. 1999).  Waivers, such as the one contained in Section 7609, must be strictly construed.  *See United States v. Idaho*, 113 S. Ct. 1893, 1896

(1993), *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Thus, such a waiver may not be implied, but rather must be unequivocally expressed.  *United States v. King*, 395 U.S. 1, 4 (1969).  The "traditional principle" is that the "Government's consent to be sued must be construed strictly in favor of the sovereign," and not "enlarge[d] . . . beyond that the language requires." *Nordic Village*, 503 U.S. at 34 (*internal citations omitted).*  Since the petition to quash the summons is a suit against the United States, the Petitioner must comply with the service requirements set forth in Fed.R.Civ.P. 4(i), which includes delivery of service upon the United States Attorney's Office.  The Petitioner has failed to comply with Rule 4(i), such that no service has been made upon the United States Attorney's Office.[1]  By failing to comply with these service requirements, the Petitioner has failed to comply with Section 7609(b), and no other statute waives sovereign immunity for petitions to quash.  *See Gray v. United States*, Docket No. 3:11MC23 (JCH), 2012 WL 12757, (D. Conn., Jan. 4, 2012).  Thus, there has been no wavier of sovereign immunity and this Court lacks jurisdiction and the matter should be dismissed.

### C.     *Petitioner's action is futile.*

The IRS issued its summons directly to the Petitioner, and it is not a third-party summons.  Pursuant to 26 U.S.C. § 7609(c)(2)(A), the remedy of seeking to quash an IRS summons is *not* available to persons who, like the Petitioner have a liability to the IRS.  Rather, only third parties who receive an IRS summons may avail themselves of the right under Section 7609 to seek to have the IRS summons quashed.  Thus, even if the United States does not prevail

---

[1] The United States Attorney's Office has not received any indication that the Attorney General has been served in accordance with Fed.R.Civ.P. 4.  The United States has been unable to confirm whether or not the IRS has been properly served.  Undersigned counsel raised the issue of lack of proper service in a February 22, 2016 telephone call to the office of Petitioner's counsel, however Petitioner's counsel has not returned the call.

5

on the arguments set forth above, the Petitioner will nonetheless not have the right under Section 7609 to quash the IRS summons.

**IV.** *Conclusion*

This Court lacks jurisdiction due to the Petitioner's failure to raise a case or controversy, and that there has been no waiver of sovereign immunity for this suit because of the Petitioner's failure to serve the United States. Accordingly, this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and (5).

Respectfully submitted,

Deirdre M. Daly
United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

**<u>Certification</u>**

I hereby certify that on March 1, 2016, a copy of the foregoing memorandum was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Christine Sciarrino
Assistant United States Attorney